IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAVIER RAMOS | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | No. 18-4221 |
| | : | |
| MARK GARMAN | : | |
| *SUPERINTENDENT OF STATE* | : | |
| *CORRECTIONAL INSTITUTION AT* | : | |
| *ROCKVIEW*, et al. | : | |

# **ORDER**

AND NOW, this 14th day of December, 2018, upon careful and independent consideration of Petitioner Javier Ramos's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the Petition), and upon d5e novo review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and Ramos's objections thereto, it is ORDERED:

1. Ramos's Motion to Vacate Reference to Magistrate Judge (Document 5) is DENIED.[1]

---

[1] On October 26, 2018, pro se Petitioner Javier Ramos filed a motion seeking to vacate the Report and Recommendation (R&R) prepared by United States Magistrate Judge Timothy R. Rice, asserting he did not consent to a magistrate judge's jurisdiction as is required by 28 U.S.C. § 636(c). Section 636(c) provides:

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer *may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case*, when specially designated to exercise such jurisdiction by the district court or courts he serves.

*Id.* (emphasis added).

Ramos's argument, however, is meritless in light of 28 U.S.C. § 636(b)(1)(B), which states:

> A judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court *proposed findings of fact and recommendations for the disposition, by a judge of the court*, of any motion excepted in subparagraph (A), *of applications for posttrial relief made by*

2. Ramos's objections (Document 10) are OVERRULED.[2]

---

*individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.*

*Id.* § 636(b)(1)(B) (emphasis added). Here, the Court did not refer Ramos's Petition to Judge Rice for final adjudication pursuant to § 636(c); rather, the Court referred it to Judge Rice for the preparation of an R&R pursuant to § 636(b)(1)(B). Order, October 9, 2018, ECF No. 3 ("The above captioned case is referred to the Honorable Timothy R. Rice, United States Magistrate Judge, for a Report and Recommendation."). Ramos's consent was, therefore, unnecessary, and his motion is denied. *See, e.g., Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 438 (3d Cir. 2005) ("The Magistrates Act authorizes district courts to appoint magistrate judges to consider pretrial matters without regard to the parties' consent.").

[2] On September 19, 2018, Ramos filed the instant Petition. Ramos now objects to Judge Rice's R&R, which recommends the Petition be denied and dismissed with prejudice as untimely. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objections are made." Because the procedural history of Ramos's case is directly at issue, the Court outlines it below.

On August 17, 2015, Ramos pleaded guilty in the Court of Common Pleas of Philadelphia County to third-degree murder, aggravated assault, and various state drug and firearms offenses. Ramos did not file a direct appeal of his conviction and his conviction therefore became final on September 16, 2015. On May 4, 2016, Ramos collaterally attacked his conviction pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 et seq. On March 16, 2017, the Court of Common Pleas of Philadelphia County dismissed Ramos's PCRA petition. Ramos's time to appeal the denial of his PCRA petition expired on April 17, 2017. Nevertheless, on April 26, 2017, Ramos filed an untimely appeal of the dismissal of his PCRA petition. The Pennsylvania Superior Court quashed Ramos's appeal as untimely on March 22, 2018. On September 19, 2018, Ramos filed the instant Petition with this Court.

Ramos first objects to Judge Rice's finding that his untimely appeal of his PCRA petition did not toll the statute of limitations for filing the Petition. As Judge Rice noted, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a petitioner one year after his or her conviction becomes final to file a federal habeas petition under § 2254. The AEDPA's statute of limitations may either be statutorily tolled or equitably tolled. A properly filed PCRA petition statutorily tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 415–17 (2005).

Ramos interprets the statutory tolling principle broadly, asserting that, because his initial PCRA petition was timely filed, any subsequent appeal—regardless of whether the appeal was timely—tolls the AEDPA's statute of limitations. However, Ramos's broad interpretation of the AEDPA's statutory tolling provision is incorrect. Under Third Circuit law, a PCRA petition is considered "validly pending" from when it is timely filed to the expiration of time for seeking review. *See Swartz v. Meyers*, 204 F.3d 417, 418 (3d Cir. 2000) (holding PCRA petition is pending during time between lower court ruling on petition and expiration of time for seeking review). Thus, once the period for appealing a dismissed PCRA petition expires, the AEDPA's statute of

limitations is no longer tolled. *See id.* Consequently, Ramos's argument that his untimely appeal counted as "properly filed" under the AEDPA's statutory tolling provision is meritless.

Even applying Ramos's liberal interpretation of the AEDPA's statutory tolling, the Petition is still untimely. As noted, Ramos's state conviction became final on September 16, 2015, but he did not file his PCRA petition until May 4, 2016—231 days later. On March 16, 2017, Ramos's PCRA was denied and his 30-day period to appeal expired on April 17, 2017. However, Ramos did not file his appeal until April 26, 2017—an additional 9-day delay. Applying Ramos's tolling theory, the statute of limitations would hypothetically be tolled until April 23, 2018—the date his 30-day period for appealing the Superior Court's decision to quash his PCRA appeal expired. Ramos filed the instant Petition 149 days later, on September 19, 2018. Combining this 149-day delay with the previous 240-day delay, Ramos filed his Petition a total of 389 days after his conviction became final and 24 days after the expiration of the AEDPA's one-year statute of limitations. Even excluding the 9-delay between the denial of his PCRA petition and his untimely appeal, Ramos's Petition remains untimely by 15 days.

Ramos also contends he is entitled to equitable tolling because the Pennsylvania Department of Corrections issued a state-wide lockdown from August 27, 2018, to September 10, 2018, restricting his ability to access the law library while he was finalizing the Petition. In support of his argument, Ramos has provided a letter dated October 23, 2018, from Timothy A. Holmes, Esq., Deputy Chief Counsel of the Pennsylvania Department of Corrections, which asks the Court to "extend the deadlines for filings" due to the lockdown. Letter, October 23, 2018, ECF No. 7. The AEDPA's statute of limitations period can be tolled in rare circumstances when "principles of equity would make [its] rigid application unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

Ramos's equitable tolling argument fails because (1) equitable tolling would not cure the untimeliness of the Petition; and (2) prison lockdowns are not exceptional circumstances that warrant equitable tolling. First, as discussed, Ramos's PCRA petition was filed 231 days after his conviction became final and tolled the AEDPA's statute of limitations until April 17, 2017. Accordingly, his Petition was due within 134 days on August 29, 2017. However, Ramos did not file the Petition until September 19, 2018—386 days after the AEDPA's statute of limitations expired. As a result, equitable tolling for the 12-day period that Ramos's prison was locked down would not cure the untimeliness of his Petition.

Second, despite Ramos's claims that this lockdown was "unprecedented," Obj. to R. & R. 1, this Court has determined that prison lockdowns are not exceptional circumstances warranting equitable tolling. *See United States v. Briggs*, No. 06-3142, 2014 WL 940341, at *4 n.8 (E.D. Pa. Mar. 7, 2014) (citing *Garrick v. Vaughn*, No. 00–4845, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003), *aff'd sub nom.*, *Garrick v. DiGuglielmo*, 162 F. App'x 122 (3d Cir. 2005)) ("[R]outine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances must be taken into consideration by a prisoner in deciding when to file a federal petition, because these do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."); *see also Gadsen v. United States*, No. 15-551, 2015 WL 9259402, at *6 (W.D. Pa. Dec. 18, 2015) (finding a lack of reasonable diligence where petitioner failed to show why a thirteen-week prison lockdown prevented filing during the other thirty-nine weeks of the limitation period).

3. The Report and Recommendation (Document 4) is APPROVED and ADOPTED.

4. Ramos's Petition (Document 1) is DENIED.

5. A certificate of appealability shall not issue, as Ramos has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

Therefore, Ramos's objections are overruled and the Judge Rice's R&R is approved and adopted.